```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/26/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ROBERT W. JOHNSON,             :
                               :
            Plaintiff,         :        19-CR-3345 (VEC)
                               :
       -against-               :
                               :        MEMORANDUM
                               :        OPINION AND ORDER
MTA-NEW YORK CITY TRANSIT and MTA :
CORPORATE OFFICES,             :
                               :
            Defendants.        X
------------------------------------------------------------

VALERIE CAPRONI, United States District Judge:

On April 12, 2019, *pro se* Plaintiff Robert W. Johnson commenced this lawsuit against the New York City Transit Authority ("NYC Transit") and the Metropolitan Transportation Authority ("MTA").[1] While failing to clearly articulate his legal claims, at base, Plaintiff alleges that his eligibility for NYC Transit's paratransit services, known as Access-A-Ride ("AAR"), was wrongly decided, causing him harm and for which he seeks punitive damages. *See* Complaint, Dkt. 2. Affording the Complaint the liberal reading to which a *pro se* litigant is entitled, Plaintiff asserts claims for violation of his Fourteenth Amendment due process rights pursuant to 42 U.S.C. § 1983, discrimination under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act, and common law negligence.

On July 15, 2019, this Court referred the case to Magistrate Judge Lehrburger for general pretrial proceedings and for the preparation of a report and recommendation on any dispositive motion pursuant to 28 U.S.C. § 636(b). Dkt. 6. Defendants moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Dkt. 13.

---

[1] Plaintiff incorrectly named the Defendants as "MTA-New York City Transit" and "MTA Corporate Offices." *See* Complaint, Dkt. 2.

On February 6, 2020, Magistrate Judge Lehrburger issued a thorough Recommendation and Report ("R&R") recommending that Defendants' motion be granted, dismissing Plaintiff's due process claims with prejudice and dismissing Plaintiff's ADA and Rehabilitation Act claim and negligence claim without prejudice. *See* R&R, Dkt. 23. On February 18, 2020, Defendants submitted a limited objection to the R&R. Dkt. 24. On February 12, 2020, Plaintiff submitted the first of two letters that appeared to contain objections to the R&R. *See* Dkt. 26. On February 21, 2020, Plaintiff submitted the second such letter. *See* Dkt. 27. For the following reasons, the Court ADOPTS the R&R in full.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

Objections, however, "may not be 'conclusory or general,' and parties may not simply regurgitate the original briefs to the magistrate judge." *Hernandez v. City of New York*, No. 11-CV-6644, 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (citation omitted). Although "[t]he objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest,'" *Petyan v. N.Y.C. Law Dep't*, No. 14-CV-

1434, 2015 WL 4104841, at *1 (S.D.N.Y. July 2, 2015) (citation omitted), the objections still "must be specific and clearly aimed at particular findings," *Harden v. LaClaire*, No. 07-CV-4592, 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008); *see also Schildwachter v. Berryhill*, No. 17-CV-7277, 2019 WL 1115026, at *1 (S.D.N.Y. Mar. 11, 2019) (holding that in order to preserve objections for appeal, the objections "must refer 'to specific findings or recommendations' in the R&R and must support their positions with legal authority") (quoting *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)). To the extent that a party "makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. June 3, 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are 'merely perfunctory responses,' argued in an attempt to 'engage the district court in a rehashing of the same arguments set forth in the original petition.'" (citation omitted)).

  Defendants raise only a limited objection, disagreeing with Magistrate Judge Lehrburger's "characterization," in a footnote, of Defendants' failure to argue or brief certain defenses. *See* Dkt. 24. In footnote 15 of the R&R, Magistrate Judge Lehrburger expressed doubt about whether Plaintiff could have an actionable claim in federal court under the ADA — even with a properly plead complaint — inasmuch as he failed to avail himself of the proper means of judicial review as prescribed in the transit authority's review process. *See* R&R at 22 n.15. Noting that, were the "paratransit eligibility evaluation and decision process" to qualify as quasi-judicial, New York courts would afford the agency's determination preclusive effect, Magistrate Judge Lehrburger concluded that, because Defendants did not argue or brief issue or claim

preclusion defenses, Defendants had waived those defenses, at least with respect to the present motion. *Id.*

In objecting and asserting that no defenses were waived, Defendants appear to be more concerned with optics than with any practical effect. Defendants argue that because Plaintiff "did not commence a NY CPLR Article 78 proceeding, . . . there was no final determination or judgment as necessary for the issue and claim preclusion [defenses] to take effect"; therefore, "[n]either issue nor claim preclusion defenses were ripe for the Defendants to assert at the time of the motion to dismiss." Dkt. 24 at 2. This objection is moot. If Defendants are correct, they were unable to raise issue or claim preclusion defenses because Plaintiff did not pursue an Article 78 proceeding. If, however, Judge Lehrburger is correct and there was a possible issue or claim preclusion defense based on the administrative decision, Defendants still could not have availed themselves of the defenses because they failed to assert or brief them. It makes no difference for purposes of the instant motion whether Defendants waived these defenses or they were simply unavailable: the end result is the same.

In any event, the Court finds that Judge Lehrburger's analysis is correct and therefore reaffirms the finding that Defendants waived the affirmative defenses of issue and claim preclusion with respect to the current motion. The fact that Plaintiff did not commence an Article 78 proceeding does not foreclose the availability of issue and claim preclusion defenses based on the administrative decision. *See Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 46 (2d Cir. 2014) (citing *Doe v. Pfrommer*, 148 F.3d 73, 79–80 (2d Cir. 1998)) (holding that the "official decision of [a state] agency" can be a final decision for purposes of preclusion even though petitioner "decided not to challenge the determination in state court, as he was entitled to do"). Therefore, Defendants were free to argue that the paratransit eligibility evaluation and

4

decision process qualified as quasi-judicial and should have been afforded preclusive effect, regardless of whether Plaintiff challenged the decision in an Article 78 proceeding in state court. By failing to do so, Defendants have waived those defenses for purposes of the present motion, and the Court adopts Judge Lehrburger's analysis with respect to this point.

Even construing Plaintiff's submission, which was improperly styled as a notice of appeal, *see* Dkt. 26; Dkt. 27, with the utmost leniency, the Court finds no properly presented objections. Plaintiff merely states that he was denied a jury trial, that Defendants are "liable for all violations," and that his civil rights were denied. Dkt. 26 at 1. Plaintiff's supplementary letter, objecting "to all defenses, in [their] entirety" and alleging that Defendants are committing "Pro Se Corporation Fraud," similarly fails to raise any proper objections. Dkt. 27 at 1. All of these purported objections are conclusory or general arguments that are not "specific and clearly aimed at particular findings." *Harden*, 2008 WL 4735231, at *1. The Court thus reviews the remainder of the Report for clear error. Upon careful review, the Court finds no error and, accordingly, adopts the Report's recommendation to dismiss Plaintiff's due process claims with prejudice and to dismiss the ADA/Rehabilitation Act claim and negligence claim without prejudice.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the Report in full. Defendant's motion to dismiss the Complaint is GRANTED. Plaintiff is given leave to replead as to his negligence and ADA and Rehabilitation Act claims, while Plaintiff's Fourteenth Amendment due process claims are dismissed with prejudice. Plaintiff's amended complaint must be filed on or before September 25, 2020. Plaintiff is encouraged to utilize the resources available to pro se litigants in this District, including the New York Legal Assistance Group's Legal Clinic for Pro Se

Litigants. To seek the assistance of the clinic, Plaintiff should call (212) 659-6190 and leave a message, including a call-back number.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a non-frivolous issue).

The Clerk of Court is respectfully directed to close the open motion at Dkt. 13.

**SO ORDERED.**

**Date: August 26, 2020**
**New York, New York**

                                    **VALERIE CAPRONI**
                                    **United States District Judge**